ODOM, Justice.
 

 Alfred Aaron, a colored man, acquired from the United States the E. % of the N. E. J4 of section 1, Tp. 23 N., R. 16 W., by homestead entry. The entry was made on December 29, 1893, and final certificate issued on November 29, 1898. The entry was confirmed by a patent issued October 1, 1901. Some years prior to the date of the entry Alfred Aaron had married Drusilla Spearman, who died in 1930, leaving as issue of the marriage five children and four grandchildren, the issue of a predeceased child, who inherited her community interest in the property.
 

 This suit was filed by Alfred Aaron and the heirs of the deceased wife on September 19, 1935. They allege that they still own the land and that defendants, Mattie L., Ruby Gladys and Mancell G. Pitts, are now claiming ownership of the land without any title whatever thereto. Paragraph 11 of their petition reads as follows:
 

 “That petitioners desire to have the title to this property determined in their favor under the provisions of the act No. 38 of the legislative session of Louisiana for the year 1908, and other laws of Louisiana.”
 

 They prayed that there be judgment in their favor and against the defendants, “decreeing petitioners to be the sole owners in indivisión of the land described in this petition, and that defendants have no right or title thereto.”
 

 The act of the Legislature referred to, according to its title, is “An Act To authorize the institution of suits to establish title to real estate where none of the parties are in actual possession of the same.” Act No. 38 of 1908.
 

 Defendants excepted to the petition on the ground that it set out no cause of action, the basis of the exception being that plaintiffs did not allege that none of the parties were in possession. The defect in the petition was cured by an amendment in which it was alleged that neither the plaintiffs nor the defendants were in possession.
 

 The defendants then filed answer admitting that the land involved had been acquired from the United States by homestead. by Alfred Aaron as alleged in plaintiffs’ petition, and set up that the said Aaron and his wife, Drusilla, had sold the land on February 23, 1899, as per deed recorded in Book 22, page 352, of the Conveyance Records of Caddo Parish, La., to Sheppard & Statts, and that from Sheppard & Statts the land had passed to them by mesne conveyances, and that they were the owners thereof.
 

 They also pleaded the prescription of ten and thirty years acquirendi causa.
 

 
 *119
 
 There was judgment in favor of defendants, rejecting plaintiffs’ demands and further decreeing Mancell G. Pitts to be the owner of the land involved. The plaintiffs appealed.
 

 That Alfred Aaron and his wife owned the land involved in this suit on February 23, 1899, is admitted by the defendants. But they allege and prove beyond question, we- think, that on that date he and his wife, Drusilla, sold it to Sheppard & Statts, a commercial firm composed of John and Frank Sheppard and Dr. Charles Statts, and that from Sheppard & Statts the title passed by mesne conveyances to Mancell G. Pitts, one of the defendants, who owned it at the time the case was tried.
 

 Defendants offered and filed in evidence a certified copy of the original deed dated February 23, 1899, purporting to have been signed by Alfred Aaron in person and his wife, Drue (her name was Drusilla) Aaron, by making her mark, reciting that for the consideration of $223, cash in hand paid, they did sell unto Sheppard & Statts the E. i/2 of the N. W. % of the N. E. % of Sec. 1, Tp. 23, N., R. 16 W. in Caddo Parish, La., containing 169 acres, this being the same land which Alfred Aaron acquired from the government by homestead. In addition to the certified copy, defendants filed in evidence a photostatic copy of that deed. According to the deed, Sheppard & Statts, the vendees, accepted the transfer by signing the deed and having it recorded, the deed being a private act witnessed by B. F. Neugent and A. C. Keil, who also signed it. Attached to and recorded with the deed is the following certificate:
 

 “State of Arkansas
 

 “County of Miller
 

 “On this the 23rd day of February, 1899, came and personaly appeared before me, a Notary Public duly commissioned and acting, B. F. Neugent of Caddo Parish and State of La., and being sworn states on oath that he witnessed the above and foregoing deed and saw Alfred Aaron and his-wife, Drue Aaron sign their names to this deed. On this the 23rd day of February, 1899.
 

 “B. F. Neugent
 

 “Subscribed and sworn to before me on this the 23rd day of February, 1899.
 

 “R. B. Davis, N. P.
 

 “My comission expires on 19th May 1900.”
 

 According to the certified copy of the deed filed in this record, the following indorsement appears on the back of the deed: “Filed and recorded February 25, A. D. 1899. F. A. Leonard, Clerk and Ex-Officio Recorder. Rec. Conv. Bk. 22, P. 352.”
 

 If, as a matter of fact, Alfred Aaron and his wife signed this deed, plaintiffs, do not own the land and have no case. But Alfred Aaron swore at the trial that he did not sign the deed and knew nothing about it. Of all the persons whose names appear on the deed, he was the only one alive at the time the case was tried. His wife, Drusilla, both of the Sheppards and Dr. Statts, the vendees, Neugent and Keil, the witnesses, and Davis, the notary
 
 *121
 
 before whom the act was proved, were all •dead, as was F. A. Leonard, clerk of court and ex officio recorder of mortgages who certified that the deed was filed and recorded in.his office.
 

 In support of the testimony of Alfred Aaron that he did not sign the deed, plaintiffs offered and filed numerous documents bearing his signature and attempted to show by comparison that the signature attached to the deed dated February 23, 1899, and recorded in Notarial Record Book 22, page 352, of the Records of Caddo Parish, La., is not his own. They also called Dr. Louis Schulhofer, an expert, who testified that in his opinion Alfred Aaron did not sign the deed.
 

 No court should be expected to attach any weight to the testimony of Alfred Aaron because it is discredited, if not utterly destroyed, by the words of his own mouth. Prior to the date on which the case was called for trial, counsel for defendants called him for cross-examination before one of the judges of the First district court. He was examined before the judge in the presence of his attorneys and denied that he had signed the deed in question. Counsel then presented him with fourteen separate documents now on file and of record in Caddo' parish, all purporting to have been signed by him, and asked him if he had signed them. He said that he had not. Nine of these documents were notarial in form, each reciting that Alfred Aaron had “personally” appeared before the notary and had signed it. One is a private act acknowledged by him before a notary and two are private acts proved by witnesses who swore before notaries that they saw him sign them. The others were crop liens granted to the Unit•ed States government and accepted by government agents.
 

 When the case was called for trial before another judge of the same court, Alfred Aaron took the stand as a witness for himself and the other plaintiffs and was again presented with the same documents and asked if he had signed them, and he admitted that he had, thereby contradicting the testimony which he had formerly given.
 

 When Aaron acquired by homestead the land in controversy, he was required to make a nonmineral affidavit, which affidavit purports to have been made and signed before F. A. Leonard, clerk of the First district court, on December 14, 1893. Aaron denied that he signed the affidavit. In connection with the entry of this land he was required to sign, not only an application to enter the land, but several affidavits in connection therewith. The record shows that this application and the several affidavits were all signed by him either before F. A. Leonard, then clerk of court, or before some official in the land office at Natchitoches, La. Aaron denied that he had signed any of them.
 

 In connection with this homestead entry, Aaron was required to make the usual affidavit that he was not then the proprietor of more than 160 acres of land; that he was making the entry in good faith; that the entry was made for actual settlement and cultivation for his own benefit and to obtain a home for himself and his family
 
 *123
 
 and not for the benefit of any other person. That affidavit, or a certified copy of it, is in the record and purports to have been signed by him before F. A. Leonard, clerk of the First district court, on December 14,'1893. But Aaron testified that he did not sign that affidavit.
 

 Asked if he knew Mr. Leonard, he said that he did and that for years Mr. Leonard had attended to his business for him. The record shows that Mr. Leonard was clerk of the district court of Caddo parish and ex officio recorder for more than twenty years. Several witnesses who knew him many years prior to and down to the date of his death testified that he had the reputation of being scrupulously honest and faithful in the performance of every duty, and that all who knew him trusted him implicitly.
 

 If Aaron is to be believed, Mr. Leonard and several other notaries forged his signature to numerous documents. We don’t believe him. But, if we should be more charitable toward him and say that due to his advanced age of eighty years he may have forgotten the occasion of his signing these instruments, we would still have to rej ect his testimony that he did not sign the deed dated February 23, 1899, for the reason that he may have forgotten that transaction also.
 

 As already stated,- all the parties whose names appear on the last above mentioned deed except Alfred Aaron were dead at the time the case was tried. But several witnesses testified that they had known John and Frank Sheppard and Dr. Charles Statts, who composed the commercial firm of Sheppard & Statts, the vendees named in the said deed, and had personally known B. F. Neugent and A. C. -Keil, who signed -the deed as witnesses, and that each and all of them were residents of the same community and bore excellent reputations. It is hardly probable that these citizens would have deliberately swindled Aaron and his wife by having filed in the records of Caddo parish an instrument which by its terms divested them of all title to their property. Not only that, but if, as a matter of fact, Aaron did not sell the property involved, it is passing strange that he left the property and for nearly thirty' years made no claim whatever to it and never made any until oil was discovered in that vicinity and a certain individual looked him up, found him in the field at work and told him that he would employ counsel to recover the land and pay all costs of the proceedings. If, during the thirty years prior to that time, he ever thought he owned the land, he made no mention of the fact so far as the record discloses.
 

 A comparison of his signature as shown by the photostatic copy of the deed dated February 23, 1899, with photostatic copies of his signature which appears on other notarial instruments, has thoroughly convinced us that his signature to the deed by which he and his wife sold the property involved to Sheppard and Statts is genuine. There is in the record a certified copy of a deed by which Alfred Aaron sold to Mattie L. Pitts et al. all the timber exceeding twelve inches in diameter on the property in controversy. This deed is notarial in form, passed before H. FI.
 
 *125
 
 Hoffmeister, a notary public, on August 7, 1897, about two years prior to the date on which he sold the land itself to Sheppard & Statts. The photostatic copy of his signature to that deed is in the record, and a comparison of that signature with the photostatic copy of the signature attached to the deed by which he sold the land to Sheppard & Statts shows that the two are precisely the same, with the exception that in the former deed the Christian name is spelled “Alf,” whereas in the latter deed it is spelled “Alfred.” The name “Aaron” is spelled “Ararn,” exactly rhe same in each of the deeds, and that spelling appears in a number of other places.
 

 Dr. Schulhofer, the expert, stated that in his opinion Alfred Aaron did not sign the deed. His testimony covers many pages of the record as brought up. He had before him the original of the deed. He not only stated that Alfred Aaron did not sign it, but stated also that the same person who wrote the name “Drue” (an abbreviation for Drusilla) Aaron thereon wrote the name of Alfred Aaron. He stated further that the writer of the deed (written with pen and ink) wrote the name “Alfred Aaron.”
 

 We have before us a photostatic copy of the entire deed showing all signatures, and with due respect to Dr. Schulhofer, we cannot agree with him.
 

 Plaintiffs’ counsel devoted the major portion of their brief to a discussion of the plea of prescription filed in the alternative by defendants. Since we hold that Alfred Aaron signed the disputed document, a discussion of that plea is unnecessary.
 

 The judgment is affirmed, with all costs.
 

 O’NIELL, C. J., recused.