396 So.2d 316 (1981)
Evelyn SAUNDERS, Divorced Wife of Kenneth Lee Martin
v.
Anthony LOMONACO, Sr., et als.
No. 11318.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
Rehearing Denied April 20, 1981.
Gordon K. Konrad, Ferdinand M. Lob, Metairie, for plaintiff-appellee and defendant in reconvention.
*317 James O. Manning, Metairie, Lazard Levy, Marrero, Robert N. Clarke, Westwego, for defendants-appellants and plaintiffs in reconvention.
Before BOUTALL, SCHOTT and SARTAIN, JJ.
BOUTALL, Judge.
Evelyn Saunders, divorced wife of Kenneth Lee Martin, alleging that she is the owner of five lots of ground, brought suit against a number of individuals and corporations alleged to be predecessors in title, seeking a judgment reforming the description of those lots of ground and a judgment recognizing her as the true and lawful owner of the property and cancelling certain inscriptions of assumption of indebtedness. The trial court rendered judgment in her favor. This appeal was taken by some of the defendants, the heirs of Josephine and Anthony Lomonaco, Sr.
The main portion of the case is not reformation but the petitory action. The basic issues in this appeal are who bears the burden of proof and the sufficiency of proof presented. The issues are complicated by the apparent unavailability of proof, either through the death of a number of the persons involved or the unavailability of others who may possess some knowledge, but could not be presented for testimony. There is also the correlation between the plaintiff's burden of proof in a petitory action and the defendants' burden under allegations of fraud and simulation. In our resolution of these issues, we are aided by the fact that the appellants are not claimants under a diverse line of title, but they are the heirs and succession representatives of a predecessor in title to plaintiff. Thus, if the facts are that the Lomonacos have divested themselves of title to another of plaintiff's predecessors, then plaintiff must prevail. If on the other hand, such divestiture is not proven, then the Lomonacos should prevail. See for example Aaron v. Pitts, 186 La. 116, 171 So. 713 (La.1936).
The documentary evidence in brief shows the following chain of title. Anthony Lomonaco, Sr. owned a tract of ground which he developed into residential lots, a portion of that development being known as Lomonaco Addition Subdivision, wherein these lots were located, Lots 1, 2, 3, 4 and 5, Block # 6. Anthony Lomonaco, Sr. and his wife Josephine, transferred on March 4, 1968 the property to Dino Development Corporation, which in turn transferred the property back to the Lomonacos on August 8, 1968. The Lomonacos subsequently on August 12, 1968 transferred the property to Time Building Mortgage Company, Inc. with the assumption of two indebtednesses as consideration, and it is the validity of this act which is at the heart of this appeal. Time Building Mortgage Company, Inc. finally sold the property to plaintiff on July 30, 1974 for a consideration of $50,000 cash.
We set out that in brief, but the actual chain of title is much more complicated. The chain of title from the Lomonacos' divestiture forward reeks of forgery, fictitious witnesses and parties to acts of sale and acts of correction, as well as forged notarial acts of incorporation. To show the chronological history of this property we relate the following in accordance with the evidence presented.
March 4, 1968 Sale by Anthony Lomonaco, Sr. to Dino Development, Corporation by purported notarial act before Donald Ruiz, whose signature is a forgery.
March 4, 1968 Sale by Anthony Lomonaco, Sr. and Josephine Tramonte to Dino Development Corporation by notarial act before Donald Ruiz, whose signature was forged.
June 7, 1968 Act of Mortgage of Dino Development Corporation in amount of $40,000 by act before Donald Ruiz, Notary Public.
August 8, 1968 Sale by Dino Development Corporation to Anthony Lomonaco, Sr. by notarial act before Donald Ruiz.
August 12, 1968 Act of sale and assumption from Anthony and Josephine Lomonaco, Sr. to Time Building Mortgage Company, Inc. by notarial act before *318 Donald Ruiz, whose name was forged. No one appears for Time Building Mortgage Company, Inc.
October 21, 1968 Sale by Dino Development Corporation to Time Building Mortgage Company, Inc. by act before Donald Ruiz, notary public, whose signature was forged.
November 4, 1968 Articles of Incorporation of Time Building Mortgage Corporation by notarial act before Frank C. O'Halloran, notary public, who repudiates his signature as a forgery.
June 10, 1969 Sale by Anthony and Josephine Lomonaco, Sr. to London Dock Evergreen Corporation by act before Donald Ruiz, whose signature is a forgery. Evergreen Corporation is a non-existent corporation and no one appears for it in the act.
August 14, 1969 Act of Correction by Anthony Lomonaco, Sr. and Dino Development Corporation by act before Donald Ruiz, whose signature is a forgery. One witness is ficticious and the signature of the other is a forgery.
August 14, 1969 Act of Correction by Dino Development Corporation and Anthony Lomonaco, Sr., et als. by act before Donald Ruiz whose signature is a forgery. One witness is ficticious and the signature of the other is a forgery.
August 14, 1969 Act of Correction of Anthony Lomonaco, Sr. to Sunrise Heights Housing Corporation by act before Donald Ruiz, whose signature is a forgery. Sunrise Heights is a non-existent corporation and the witness Anne Carraway is a fictitious person.
August 14, 1969 Act of Correction by Dino Development Corporation to Time Building Mortgage Company, Inc. by act before Donald Ruiz whose signature is a forgery.
August 26, 1969 Act of sale by Time Building Mortgage Company, Inc. to Sunrise Heights Housing Corporation by act before Donald Ruiz, whose signature appears to be genuine but Sunrise Heights Housing Corporation is a non-existing Corporation.
May 31, 1974 Act of sale by Time Building Mortgage Company, Inc. to Evelyn Saunders Martin by act before John C. Grout for $50,000 cash for the five lots in question, John C. Grout, notary public repudiating his signature and the original documents having been torn out of the records of the clerk of court in Jefferson Parish.
May 31, 1974 Act of sale by Time Building Mortgage Company, Inc., to Evelyn Saunders Martin of six lots in Block 7 for $50,000 cash, before John C. Grout, Notary Public who repudiates his signature, and the original documents having been removed from the office of the Clerk of Court of Jefferson Parish.
July 30, 1974 Sale by London Dock Evergreen Corporation to Evelyn Saunders Martin by act before Louis E. Pouratore, Notary Public for six additional lots in block 7 for $15,000 cash. London Dock Evergreen Corporation being a non-existent corporation.
July 31, 1974 Act of sale by Time Building Mortgage Company, Inc., to Evelyn Saunders Martin by act before Louis E. Pouratore of the five lots subject to this appeal for $50,000 cash.
We feel it necessary to recite the above because both Anthony Lomonaco, Sr., and his wife Josephine are deceased, and because Donald Ruiz, the notary public involved in most of the acts, is also deceased. Involved in nearly all of these transactions in one manner or another were Mona Thomas, also known as Mona Ruiz, wife of Donald Ruiz, and Maureen Prince, both of whom were legal secretaries to Donald Ruiz; Evelyn Saunders Martin was also a secretary to Donald Ruiz at one time and was well acquainted with Maureen Prince who, from the evidence presented seems to be most involved in the production of these later forged notarial acts and fictitious entities. She was also acquainted with Mona Thomas Ruiz, who appears to be most involved in the earlier forged documents, etc. At the same time we point out that there is no direct evidence which links Evelyn Saunders Martin with the responsibility for any *319 of the forgeries, etc. We do note that she is unable to produce any evidence of having paid the stated considerations other than her bare statement that she kept some $50,000 in cash hidden in a box in her home, despite the fact that she had never made a Federal Income Tax Return for the years 1972 through 1976.
With the above facts before us, we consider the burden of proof imposed upon the petitioner in a petitory action to prove title. Code of Civil Procedure Article 3653 provides as follows:
Art. 3653. Same; proof of title
"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
"(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
"(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
In the present case, the defendants are not in possession of the property, and plaintiff's burden is to prove a better title than the defendant-appellant. As we have noted above, this resolves itself into a question of whether plaintiff has borne the burden of proving that defendant has divested himself of title. If he has, then plaintiff's title, although voidable as to others, is better than the complete lack of title occasioned by appellants' divestiture of title. We find that plaintiff has not borne that burden of proof.
Civil Code Article 2440 provides that all sales of immovable property shall be made by authentic act or under private signature. The authentic act, defined in Civil Code Article 2234, is full proof of the agreement contained in it, Civil Code Article 2236, but it has been proven that the act of sale and assumption by which the Lomonacos are alleged to have disposed of their property was not authentic, that the signature of the notary was a forgery. This being the case, the act may still have effect as a private writing, Civil Code 2235, but of course it is no longer full proof of the agreement. As we have mentioned, there is a total lack of proof from either party as to the true facts of that document, except that it is stipulated that the signatures of the Lomonacos are genuine. Mere confession that the signatures are genuine does not prove that there was a valid agreement between the parties. The consideration for the sale is the assumption of the indebtedness in the amount of $55,000, and despite the fact that the document recites that Time Building Mortgage Company, Inc. is "here present accepting and purchasing for its successors and assigns, acknowledging due delivery and possession thereof," that corporation does not appear as a signatory to the act of sale, this despite the fact that attached to the act is what purports to be a resolution of the corporation directing one Andrew Mourginnis to execute the document. Noteworthy is the fact the secretary of that corporation certifying to the minutes is Maureen Prince, who appears in nearly every one of the questioned documents above enumerated. Absent the forged signature of the notary, we then have one party saying that it sells the property, but we have no purchaser who signs making itself responsible for the payment of the purchase price, i. e. the assumption of the indebtedness.
The indebtedness assumed was of two separate debts. One was the assumption of the balance of a collateral mortgage dated June 7, 1968 in the sum of $40,000 executed by Dino Development Corporation. As to that indebtedness the act strangely enough, after providing for the assumption of that balance, contains an acknowledgment that a similar $40,000 mortgage note dated March 4, 1968, based on a notarial act of that same date, has been paid and cancelled. The signatures of the notary, both in the March 4 act and the act of cancellation, are forgeries, as are at least one of the witnesses. An examination of the note shows only a paraph identifying it with the collateral mortgage of June 7, 1968. It does not contain a paraph or any other identification with August 12, 1968 act of sale and assumption.
*320 The second indebtedness was of a $15,000 promissory note executed by Anthony Lomonaco, Jr. and co-signed by Anthony Lomonaco, Sr. in favor of the First National Bank of Jefferson Parish, Gretna, Louisiana, dated November 23, 1966. The evidence shows no such note to ever have been in existence or such indebtedness to the First National Bank. For proof of that consideration, the plaintiff has offered a photostatic copy of a note, the original of which is claimed to have been lost, but which does not conform to the description. Instead, that note is a bearer note and does not have on it a paraph of identification with the assumption by the notary public. The inscription of the assumption of this $15,000 note has never been cancelled and indeed in this appeal plaintiff is asking for the cancellation. There being nothing in the way of evidence being introduced to show identification with the assumption, and a failure to fit the description, we cannot order such a cancellation on the basis of this note.
We thus conclude that the evidence does not show consideration to have passed for the act of sale to be effective. It does not show that Time Building Mortgage Company, Inc. had assumed the indebtedness nor ratified the act by paying off the indebtedness. We find it revealing that at the purported time of the act of sale and assumption, August 12, 1968, Time Building was purported to have been created by notarial act before F. C. O'Halloran, Jr. dated August 1, 1968. Mr. O'Halloran appeared and testified that he knew nothing of the passage of such act of incorporation, and disavowed it as a forgery. Strangely enough, the act of sale supposed to have passed on August 12th contained the notation in its body that the articles of incorporation had been recorded in Charter Book 284 with the Secretary of State, when the forged articles had not been filed with the Secretary of State until November 4, 1968. Indeed the record discloses very little about this corporation, although it was named defendant herein.[1] Yet, it is this corporation through Maureen Prince as Secretary, certifying to a resolution of the Board of Directors naming Maureen Prince as Secretary to be the person empowered to sell the lots to Evelyn Saunders Martin.
When we consider the totality of the evidence presented in this case, the flagrant forgeries and use of fictitious names, the relationship of the three Ruiz secretaries, including plaintiff, to them and when we consider the forgery in the act of divestiture of the Lomonacos, as well as the discrepancies in many aspects of the document, especially those concerning the consideration, together with the failure of Time Building Mortgage Company to appear and accept the terms of the purported agreement, indeed a failure to show it existed except for these questioned acts, we can only conclude that plaintiff has failed to show that the Lomonacos did in fact divest themselves of title to the property. Indeed the evidence to us preponderates that fraud was perpetrated in that instance, just as it was in the number of instances that followed it. Accordingly, we reverse the judgment of the trial court and dismiss plaintiff's suit at her costs.
Also at issue on this appeal is a reconventional demand brought by the Lomonaco defendants seeking to be declared the owners of the property, and seeking damages against plaintiff. The trial judge had dismissed the reconventional demand at the beginning of trial on the merits, based upon a prior judgment of dismissal following an exception of vagueness.
In her original petition, plaintiff named as defendants Anthony Lomonaco, Sr. and several of his children. At that time Josephine Lomonaco had already died. During the course of these proceedings, Anthony Lomonaco, Sr. died. The named defendants had filed an answer and reconventional demand seeking both title and damages of the plaintiff. To this, plaintiff filed an exception of vagueness asserting that the fraud alleged had not been spelled out with *321 specificity. After trial of that exception, the trial judge maintained the exception of vagueness and granted to plaintiffs in reconvention 15 days "to file their amending petition in default of which the reconventional demand shall be dismissed with prejudice." From this judgment of November 8, 1977, the attorney for reconvenors requested an additional delay of 15 days be granted, because he no longer represented all of the defendants. However, no amendment was filed until February 16, 1978, at which time Joseph P. Lomonaco, Nicole J. Lomonaco, Frances Lomonaco Lafont and Vito Lomonaco filed an amended answer with a supplemental reconventional demand for nullity of simulated sale and damages filed by Joseph P. Lomonaco as testamentary executor of the Succession of Josephine Tramonte, wife of/ and Anthony Lomonaco, Sr. The judge signed an order permitting this filing on February 16, 1978.
At the beginning of trial on the merits, counsel for plaintiff called to the attention of the trial judge pro tem, who was substituting for the original judge, that there was a judgment of dismissal of the reconventional demand and apparently filed a document entitled Exception of Res Judicata. This document is not filed in the record and we have no idea what it is, but apparently it caused considerable concern amongst the parties and the trial judge as to the status of the reconventional demand. The trial judge apparently considered that the prior judgment was effective automatically and that the named Lomonaco defendants had lost their right to a reconventional demand. Apparently, however, the succession representative of the decedents Anthony and Josephine Lomonaco was permitted to proceed with their supplemental reconventional demand. However, under the present status of the record before us, we cannot be sure that the case proceeded under this procedural posture, as there is nothing in the record to indicate conduct of the trial along that line.
We note that the judgment of dismissal with prejudice was not in accordance with Code of Civil Procedure Article 933 and the jurisprudence interpreting the effect of that article. It appears from the record that none of the Lomonaco defendants named in the petition have amended the reconventional demand except Anthony Lomonaco, Sr. through his succession representative. By stipulation of the parties, it was agreed that the succession representative would be substituted for Anthony Lomonaco, Sr., and that the petition would be amended to join the Succession of Josephine Tramonte Lomonaco as a defendant. Under this posture it appears that the Succession of Anthony Lomonaco, Sr. was then ruled precluded from proceeding with the reconventional demand because of the res judicata exception and that the exception did not apply to the Succession of Josephine. Yet, as we have stated, the record does not seem to consider a reconventional demand from that point forward. Instead, there is some indication that perhaps the parties would try those issues in a separate law suit filed by the Lomonacos, which although offered in evidence is not amongst the exhibits furnished us.
In any event, the judgment on the dilatory exception of vagueness was incorrect in dismissing the reconventional demand with prejudice. Our jurisprudence has uniformly held that such a dismissal should be without prejudice. See Martin v. Garon, 172 So.2d 751 (La.App. 4th Cir. 1965); Jenkins v. Hartford Accident & Indemnity Company, Inc., 356 So.2d 490 (La. App. 1st Cir. 1977); Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972). Further, the trial judge was incorrect in considering that the judgment automatically dismissed the reconventional demand by the simple lapse of time to amend. C.C.P. Article 933 indicates, and the jurisprudence holds, that some further action must be taken to effect the dismissal. Either the judge may himself dismiss, or the opposing party may move the judge to dismiss for noncompliance before the dismissal becomes effective. We note that the judge who rendered the order permitted amendment by authorizing filing of the supplemental answer and reconventional demand, although it was filed after the delays had expired. Thus the trial *322 judge should not have dismissed against those who filed the amended pleading. However, an attempt was made to restore some order into this rather confusing array of parties defendant by a stipulation between the parties. As far as we are able to discern from this record, it now appears that the succession representative of the Succession of Josephine Tramonte Lomonaco and Anthony Lomonaco, Sr. is the remaining plaintiff in reconvention.
In view of the erroneous rulings of the trial court in connection with the dismissal of the reconventional demand, and in view of the confused state of the record as to who in fact are the plaintiffs in reconvention and whether the reconventional demand was actually tried, we conclude that in the best interest of justice, this matter should be remanded to the trial court in order to afford those defendants who were dismissed with prejudice an opportunity to join the reconventional demand within a reasonable time. We do this simply because their demand should have been dismissed without prejudice. We do not pass upon the issue as to whether they are proper parties, etc., that not being before us. After due proceedings had, the trial court is instructed to hold an evidentiary hearing on the reconventional demand and make a determination thereon in due course.
For the reasons above assigned, the judgment of the trial court in favor of plaintiff is reversed, and there is now judgment in favor of defendants, dismissing plaintiff's suit. The dismissal of the reconventional demand is annulled and set aside, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED IN PART, SET ASIDE AND REMANDED IN PART.
NOTES
[1] There are some depositions in the record which relate to the activities of the corporation and the assumption but these are not in evidence and we do not consider them.