487 So.2d 579 (1986)
SUCCESSION OF Elizabeth T. AGAMY and Glen P. Agamy
v.
MERRILL LYNCH, PIERCE, FENNER AND SMITH, INC.
No. CA-4758.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Frederick J. Gisevius, Jr., Jane M. Gisevius, Dennis L. Rousseau, New Orleans, for plaintiffs-appellants Succession of Elizabeth T. Agamy and Glen P. Agamy.
W.L. West, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendant-appellee Merrill Lynch, Pierce, Fenner and Smith, Inc.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
This appeal arises from the institution of a suit seeking an accounting. Plaintiffs, the succession representatives, filed suit against Merrill Lynch, Pierce, Fenner and Smith, Inc., seeking an accounting of the succession funds held by defendant as agent. Defendant filed exceptions of prescription and no cause of action. The trial court maintained both exceptions but also granted the plaintiffs fifteen days to amend their petition to state a cause of action against the defendant. Plaintiffs appeal the maintenance of the exceptions.
On March 24, 1984, the succession representatives, on behalf of the Successions of Elizabeth T. Agamy and Glen P. Agamy, instituted this present action against Merrill Lynch, Pierce, Fenner & Smith, Inc. The petition, styled as a "Petition for Accounting And Recovery of Principals' Funds And Fruits Thereon From Agent," seeks an accounting and damages resulting from defendant's breach of its fiduciary duties. Elizabeth T. Agamy and Glen P. Agamy had hired Merrill Lynch as their *580 stockbroker agent to purchase and sell securities. The Agamys' securities were placed in the name of Merrill Lynch for the account of its principals, the Agamys.
After the deaths of Glen Agamy and Elizabeth Agamy, their successions were placed under administration. In accordance with the authorization of the succession representatives, the securities in the name and possession of Merrill Lynch were sold by the defendant. The cash proceeds were transmitted to the purchasers by Merrill Lynch which sent out a check in the sum of $16,767.66 made payable to the Successions of Glen P. and Elizabeth T. Agamy. The check was received by the executrix of Glen Agamy's estate and sent to the executor of Elizabeth Agamy's estate.
The check was misfiled in a succession file. Once it was located, the succession representative presented it to Merrill Lynch in order to obtain an accounting of the funds, but Merrill Lynch failed to do so. The succession representatives then instituted this present litigation.
Defendant, Merrill Lynch, filed an exception of prescription of five years relating to actions on negotiable instruments. Defendant argued that the action was simply a suit on the check, a negotiable instrument, and therefore, the action had prescribed. Defendant also filed an exception of no cause of action. The trial court maintained the exception of prescription "insofar as the claim is based upon or relates to a negotiable instrument." The exception of no cause of action was also maintained but the trial court granted the plaintiffs fifteen days to amend their petition to state a cause of action against the defendant. Plaintiffs have since amended and supplemented their petition. Defendants have not answered or excepted to the amended petition.
The order of the trial court maintaining defendant's exception of no cause of action but granting plaintiffs leave to amend is not a final judgment nor an interlocutory judgment which may cause irreparable harm. Such an order merely permits an amendment within the delay allowed by the court as provided by C.C.P. article 934. Taylor v. Consolidated Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980); Fetty v. Colonial Bank, 365 So.2d 44 (La.App. 4th Cir.1978), writ denied, 365 So.2d 1374 (La. 1978). Accordingly, the order maintaining the exception of no cause of action is not appealable.
The only issue properly before this court concerns the judgment of the trial court maintaining the exception of prescription "insofar as the claim is based upon or relates to a negotiable instrument." An action on a negotiable instrument must be instituted within five years from the day payment is exigible or the claim will prescribe. L.S.A.-C.C. article 3498.
In the case at bar, the check for the proceeds from the sale of plaintiffs' stock was drawn on March 28, 1974. Suit was not instituted until March 21, 1984. The trial judge was correct in maintaining the exception as the negotiability of the check, itself, has prescribed. Nonetheless, the plaintiffs may still have a cause of action against the defendant for an accounting and damages resulting from a breach of fiduciary duties. By affirming the judgment maintaining the exception of prescription of the March 28, 1974 check, we express no opinion regarding plaintiff's claim for accounting and/or breach of fiduciary duties. The merits of that cause of action are not before this court, and must initially be ruled upon by the trial court.
Accordingly, the judgment of the trial court maintaining the exception of prescription is affirmed. The case is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART AND REMANDED.