WICKER, Judge.
Charles McKenzie appeals a judgment sustaining the exception of Sheriff Johnny Marino. We dismiss McKenzie’s appeal on the grounds that the judgment complained of is not an appealable one.
McKenzie, a sheriff’s deputy, suffered a work-related injury. Marino’s policy was to pay unearned compensation equal to one hundred percent of salary to deputies injured on the job. Marino paid these benefits to McKenzie until he resigned thirteen months after his injury.
McKenzie sued Marino for worker’s compensation benefits for total and permanent disability following a ruling by the Department of Labor, Office of Worker’s Compensation, that it lacked jurisdiction. Marino filed an exception of no cause of action based upon the sheriff’s deputy exclusion from worker’s compensation coverage. McKenzie amended his petition to allege an additional cause of action:
Defendant, Sheriff Johnny Marino has failed and/or refused to pay petitioner any compensation or medical expenses, on account of said accident of May 15, 1987, since June 3, 1988.
* * * * * *
That as a result of the May 15, 1987 accident Sheriff Johnny Marino paid to petitioner unearned compensation and some medical expenses.
That as a result of this May 15, 1987 accident and resultant injury petitioner missed approximately 53 days of work *804 for which he was paid unearned compensation.
That, notwithstanding the provisions of Subsection A of Revised Statute 23:1034, Sheriff Johnny Marino, in his own discretion and by using the funds of the St. Charles Parish Sheriffs Office, elected to provide compensation to petitioner for work days missed and to pay medical expenses incurred by petitioner all as a result of the accident of May 15, 1987.
That on March 25, 1986, petitioner was injured while in the course and scope of his employment with defendant, St. Charles Parish Sheriffs Office. That as a result of that “on the job” injury, from which petitioner has recovered and which is not related to this lawsuit, petitioner missed approximately 26 days of work for which he was paid unearned compensation by defendant, Sheriff Johnny Mar-ino. That during these 26 absent days plaintiff was not paid pursuant to sick leave, vacation, annual leave or comp time policies of the Sheriffs Office. The 26 missed work days were classified by the Sheriffs Office as “absent due to on the job injury”.
That since the plaintiffs resignation from the Sheriffs Office, defendant has failed and refused to pay any further compensation to petitioner or to pay any further medical expenses on petitioner’s behalf for treatment of the injury received on May 15, 1987 in the line of duty.
Petitioner alleges that the defendant has elected to provide compensation to deputies injured on the job and to pay for any and all medical expenses incurred in the treatment of on the job injuries pursuant to Revised Statute 23:1034C.
Petitioner alleges that for each day of work that he missed as a result of this accident he received unearned compensation from the defendant.
In the alternative, petitioner alleges that as a result of the May 15, 1987 accident, injury and subsequent fusion of his left ankle, he was paid compensation and/or wages in lieu of compensation for each day of work that he was forced to miss.
The defendant, Sheriff Johnny Marino provides “disability benefits” insurance to reserve and/or part time deputies who are injured “in the line of duty” while working for the St. Charles Sheriff’s Office.
At the presnt [sic] time petitioner is certified by his treating physician that he is “unable to work until further notice.”
Petitioner is presently in need of medical treatment.
That another Saint Charles Parish Sheriff’s deputy incurred medical expenses, after his resignation, for an on the job injury and those medical expenses were paid by defendant, Sheriff Johnny Marino.
Any medical expenses incurred by a deputy sheriff as a result of an on the job injury, if not covered by insurance, are paid by defendant, Sheriff Johnny Marino.
The defendant terminated the payment of compensation and medical expenses on behalf of Charles McKenzie solely because of plaintiff’s resignation from the Sheriff’s Office.
This amended petition was followed by another exception of no cause of action.
The judge sustained the exception to the first petition under La.R.S. 23:1021 and Parker v. Cappel, 500 So.2d 771 (La.1987). He also sustained the exception to the amended petition, finding that McKenzie’s benefits were conditioned on his continued employment. He found a possible cause of action in McKenzie’s allegation that “others who resigned had benefits continually paid”; and he allowed McKenzie sixty days to amend his petition: “to file his expansion of the pleadings as outlined in his supplemental pleading, plus he must expressly show by pleading that coverage continued or continues after resignation of a deputy.”
McKenzie has appealed, alleging that his amended petition alleges a particular griev-ancé for which the law affords a remedy which does not terminate with his resignation. We recognized the possibility of a *805 jurisdictional defect and ordered the parties to address the issues raised by Agamy v. Merrill Lynch, Pierce, Fenner & Smith, 487 So.2d 579 (La.App. 4th Cir.1986). In response, McKenzie argues that it is impossible for him to amend his petition and that he has suffered irreparable harm.
Only final judgments, interlocutory judgments which may cause irreparable injury, and judgments reformed in accordance with either a remittitur or additur are ap-pealable. La.C.Civ.P. art. 2083. The judgment appealed is none of these: it does not determine the merits of the case and it does not cause irreparable injury, since McKenzie was given the opportunity to amend his pleadings. See La.C.Civ.P. art. 1841. Only when he has amended his pleadings, when a subsequent exception is sustained, and when the proceedings are dismissed will a final appealable judgment result.
The case of Agamy v. Merrill Lynch, Pierce, Fenner & Smith, supra, is exactly on point. It held that an order maintaining an exception of no cause of action and granting leave to amend was not a final judgment or an interlocutory judgment causing irreparable harm. We agree with the Fourth Circuit’s holding in that case; consequently, we dismiss the appeal of Charles McKenzie at his cost.
APPEAL DISMISSED.