978 So.2d 566 (2008)
Geoffrey HUGHES
v.
ENERGY & MARINE UNDERWRITERS, INC.
No. 07-CA-490.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Rehearing Denied April 7, 2008.
Larry E. Demmons, Amanda Steelman Moore, Attorneys at Law, New Orleans, Louisiana, for Appellant, Geoffrey Hughes.
*567 David L. Patrón, Jaclyn C. Hill, Attorneys at Law, New Orleans, Louisiana, for Appellee, Energy & Marine Underwriters, Inc.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
In this case, Geoffrey Hughes appeals the trial court's grant of Energy & Marine Underwriter, Inc.'s exceptions of no cause of action and unauthorized use of summary proceedings. Hughes appeals. For the following reasons, we dismiss this appeal.
Facts and Procedural History
Plaintiff, Geoffrey Hughes, was the President and Profit Center Manager for Energy & Marine Underwriters, Inc.("EMU") until Hughes resigned on August 7, 2006. Hughes immediately demanded from EMU payment of his "bonus" of $63,127.33, which Hughes alleges was due to the Profit Center Manager based on a percentage of profit.
On October 26, 2006, Hughes filed a "Petition for Unpaid Wages, Penalties, and Attorney's Fees" against EMU alleging that EMU had refused, in bad faith, to pay Hughes' bonus, which was "earned wages" under La. R.S. 23:631. Hughes sought payment of the bonus as well as penalty wages and attorney's fees under La. R.S. 23:632.
In response to his petition, EMU filed exceptions of no cause of action and unauthorized use of summary proceedings on March 22, 2007. On April 24, 2007, Hughes filed an opposition to these exceptions. The trial court held a hearing on this matter on April 26, 2007. On May 1, 2007, the trial court signed the written judgment granting EMU's exceptions of no cause of action and unauthorized use of summary proceedings. The judgment "ordered that Plaintiff's claims under the Louisiana Wage Payment Act, La. R.S. 23:631, et seq. are dismissed with prejudice and Plaintiff has fifteen (15) days to amend his Petition for Unpaid Wages, Penalties, and Attorney's Fees to assert viable claims and to convert his lawsuit to an ordinary proceeding." (Emphasis added.)[1]
Rather than filing an amended petition, Hughes appealed to this Court. On appeal, he contends that EMU's exceptions should have been referred to the trial on the merits. He also contends that the trial judge erred as a matter of law in ruling that he had no cause of action because his annual bonus was a "wage" under La. R.S. 23:361. EMU responds that the trial court properly found that Hughes did not have a cause of action because he seeks payment of a discretionary year-end bonus, which was not due under the terms of his employment contract.
We note a jurisdictional defect. Only final judgments, judgments reformed in accordance with either a remittitur or additur, and interlocutory judgments expressly provided by law are appealable. La. C.C.P. art.2083. The judgment appealed is none of these: it does not determine the merits of the case and the law does not expressly provide that the judgment is appealable. Further, Hughes was *568 given the opportunity to amend his pleadings expressly in the judgment but moved for appeal before the time granted for amendment ran. See La. C.C.P. art. 1841.
In McKenzie v. Marino, 554 So.2d 803, 803-805 (La.App. 5 Cir.1989) this Court, citing our brethren on the Fourth Circuit in Agamy v. Merrill Lynch, Pierce, Fenner & Smith, 487 So.2d 579 (La.App. 4th Cir.1986), held that an order maintaining an exception of no cause of action and granting leave to amend was not a final judgment or an interlocutory judgment causing irreparable harm. Further, when the grounds of the objections pleaded in the dilatory exception, such as unauthorized use of summary proceedings, may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order. La. C.C.P. art. 933(B).
In this case, EMU's exceptions were maintained and leave to amend was granted, which amounted to an interlocutory judgment that was not appealable. Based on the foregoing, we dismiss Geoffrey Hughes' appeal at his cost.
APPEAL DISMISSED; CASE REMANDED.
NOTES
[1] While we decline to address the error, we note that a judgment of dismissal with prejudice, as was rendered in this case, is not in accordance with La. C.C.P. art. 933 and the jurisprudence interpreting the effect of that article. Thomas v. Sonic, 06-0014 (La.App. 1 Cir. 11/03/06), 950 So.2d 822; Saunders v. Lomonaco, 396 So.2d 316, 321 (La.App. 4th Cir. 1981); Washington v. Flenniken Construction Company, 188 So.2d 486, 491 (La.App. 3rd Cir. 1966).