# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-29

**JOHN TAYLOR AND CHRISTINE TAYLOR**

**VERSUS**

**LEGER CONSTRUCTION, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84956
HONORABLE DURWOOD CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED.**

**Eddie J. Lambert**
**Attorney at Law**
**Post Office Box 88**
**Gonzales, LA 70707**
**(225) 647-9788**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Post-Tension Slab-General**

**Michael Wayne Adley**
**Judice and Adley**
**Post Office Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **John Taylor**
     **Christine Taylor**

**Susan A. Daigle**
**John Daniel Rayburn, Jr.**
**Rachal Welch**
**Daigle, Crawford & Jamison**
**Post Office Box 3667**
**Lafayette, LA 70509-3667**
**(337) 234-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Post-Tension Slabs, Inc.**

**Timothy Alan Maragos**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Pkwy**
**Lafayette, LA 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State Farm Fire & Casualty Co.**

**Kyle Patrick Polozola**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Randy Rivera**

PETERS, Judge.

After the lodging of the record in the above captioned appeal, this court issued an order for the plaintiffs-appellants, John and Christine Taylor, to show cause why their appeal should not be dismissed as having been taken from a non-appealable ruling. The plaintiffs have filed their brief in response to this court's order. For the reasons given below, we dismiss this appeal as premature.

In the course of litigating this suit, the defendant-appellee, Post-Tension Slabs, Inc., filed exceptions of no cause of action and no right of action. The trial court entered judgment on October 2, 2009, stating, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's Peremptory Exception of No Cause of Action is hereby granted and therefore;
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendant, POST-TENSION SLABS, INC., and against plaintiffs, JOHN AND CHRISTINE TAYLOR, dismissing with prejudice all claims for damages asserted against defendant, POST-TENSION SLABS, INC., as alleged in the Petition by the Taylors;
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs, JOHN TAYLOR AND CHRISTINE TAYLOR, have ten (10) days from today's date to amend their Petition to allege any other claims they may have against defendant, POST-TENSION SLABS, INC.;
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of court associated with the Exception of No Cause of Action be and hereby (sic) assessed to the plaintiffs, with all remaining court costs to be deferred to the trial on the merits.

The appellants designated the record in this appeal. Therefore, this court could not discern from the record presented whether the plaintiffs had amended their petition within ten days of the foregoing order. Furthermore, the record contains no subsequent judgment ordering complete dismissal of the plaintiffs' action as to Post-Tension Slabs, Inc. Therefore, this court issued an order for the plaintiffs to show cause why their appeal should not be dismissed as premature, citing La.Code Civ.P.

1

arts. 934 and 2083, and *Hughes v. Energy & Marine Underwriters*, 07-490 (La.App. 5 Cir. 3/11/08), 978 So.2d 566, *writ denied*, 08-957 (La. 8/29/08), 989 So.2d 100.

Louisiana Code of Civil Procedure Article 2083 provides that appeals may be taken from final judgments, judgments reformed in accordance with a remittitur or additur, and interlocutory judgments which are made appealable by express law. In *Hughes*, 978 So.2d 566, the pertinent portion of the judgment appealed was quoted by the fifth circuit as follows, "The judgment 'ordered that Plaintiff's claims under the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.* are dismissed *with prejudice* and Plaintiff has fifteen (15) days to amend his Petition for Unpaid Wages, Penalties, and Attorney's Fees to assert viable claims and to convert his lawsuit to an ordinary proceeding.' (Emphasis added.)" 978 So.2d at 567 (emphasis supplied; footnote omitted). The court noted that the plaintiff filed his appeal prior to the expiration of the time set by the trial court for the plaintiff to amend his petition. The fifth circuit proceeded to dismiss this appeal based on the finding that the judgment was interlocutory since the plaintiff was afforded the opportunity to file an amending petition.

In the brief filed in this court by the plaintiffs, the plaintiffs attempt to distinguish the holding in *Hughes*, 978 So.2d 566, by citing this court to the dispositive language in the judgment appealed herein. Thus, the plaintiffs contend that in the instant case, the trial judge dismissed the plaintiffs' claims in full with prejudice and permitted amendment of the petition only to assert "any other claims they may have against defendant". The plaintiffs argue that the judgment, therefore, is clearly appealable as to the dismissal of the claims that the plaintiffs attempted to set forth in their petition.

According to the plaintiffs' argument, the trial court's judgment became final

2

once the ten day period passed for amendment and the plaintiffs' chose not to amend their petition.  Thus, the plaintiffs contend that in *Hughes*, 978 So.2d 566, the judgment was not appealable when the appeal was taken because the motion for appeal was filed before the time period for amending the petition had expired.  We find no basis in law for the plaintiffs' proposition.

We disagree with the plaintiffs' attempt to distinguish the holding in *Hughes*, 978 So.2d 566.  To the contrary of the plaintiffs' position, the trial court in *Hughes*, as in the instant case, used similar language in the judgment granting the exception of no cause of action and dismissing the plaintiff's claims that were originally attempted to be set forth.  In the matter *sub judice*, the plaintiffs want this court to find that since the trial court dismissed the claims originally set forth in the petition and permitted amendment only for the purpose of raising new claims, the judgment is final and appealable as to the original claims.

In *Ramey v. DeClaire*, 2003-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118, the supreme court stated:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993).  The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235.  No evidence may be introduced to support or controvert an exception of no cause of action.  La. C.C.P. art. 931.  Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235.  The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

> Louisiana has chosen a system of fact pleading.  La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131.  Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition.

3

*Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

Thus, inherent in a decision that a petition fails to state a cause of action is the decision that the plaintiff has failed to set forth operative facts that would afford the plaintiff a right to assert a judicially cognizable action against the defendant. Therefore, any amended petition would necessarily have to state a new claim inasmuch as the original petition has failed to state one. Further, we note that at the conclusion of the supreme court's opinion in *Ramey*, 869 So.2d 114, the court ordered that if the plaintiff failed to amend the petition within thirty days of the finality of that court's decision granting the exception of no cause of action, the trial court was ordered to dismiss the suit.

Finally, comments must be made on the plaintiffs' contention that the judgment became appealable upon the expiration of the ten day period for amending the petition. Were this court to apply such a legal principle, the result would be a lack of certainty as to the legal delay for seeking an appeal. Moreover, a court in this state has no authority to extend the delays for seeking an appeal. *State ex rel. E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594. In this case, we find that the appeal is premature until there is a proper final judgment dismissing Post-Tension Slabs, Inc., from this action. Therefore, we dismiss this appeal at plaintiffs' cost.

**APPEAL DISMISSED.**

4