JOHNSON, J.
| -(Plaintiff appeals the trial court’s sustaining of Defendants’ exception of no cause of action. For the following reasons, *1239 we dismiss the appeal for lack of jurisdiction.
On March 2, 2016, Plaintiff, B.G. Mart, Inc. (“B.G.”), filed a petition for damages against Jacobsen Specialty Services, Inc. and its owner, George Jacobsen, Jr., for breach of contract. B.G. alleged that it contracted with Defendants for the purchase and installation of two fuel tanks and dispenser accessories, and that Defendants defectively installed the tanks and dispenser accessories. B.G. sought damages for defects in the workmanship under La. C.C. art. 2769. After filing an answer, Defendant George Jacobsen, Jr. filed an exception of no cause of action and/or no right of action, claiming that the contract at issue was between B.G. and Jacobsen Specialty and that he was not a party to the contract. B.G. opposed the exception claiming that Mr. Jacobsen, a shareholder in Jacob-sen Specialty committed fraud and acted as an alter ego to the corporation and, thus, could be held personally hable.
On July 26, 2016, the trial court sustained Mr. Jacobsen’s exception of no cause of action and ordered B.G. to amend its petition within 15 days. Instead of amending its petition, B.G. filed a motion for appeal, which was granted on September 15, 2016. On appeal, B.G. contends that Mr. Jacobsen is personally liable for the improper installation of the fuel tanks because he personally guaranteed performance as an agent of the corporation. B.G. argues that the trial court erred in granting the exception before adequate discovery had been completed to show there is a basis for piercing the corporate veil or that Mr. Jacobsen committed fraud.
We note a jurisdictional defect that precludes us from considering this appeal. Only final judgments, judgments reformed in accordance with a remittitur |2or additur, and interlocutory judgments expressly provided by law are appealable. La. C.C.P. art. 2083. The judgment appealed from in this case is none of these: it does not determine the merits of the case and the law does not expressly provide that the judgment is appealable. A ruling maintaining an exception of no cause of action and granting time to amend the petition is not a final judgment or an ap-pealable interlocutory judgment. Taylor v. Leger Construction, LLC, 10-29 (La.App. 3 Cir. 3/17/10), 33 So.3d 435, 437-38; Hughes v. Energy & Marine Underwriters, Inc., 07-490 (La.App. 5 Cir. 3/11/08); 978 So.2d 566, 567-68, writ denied, 08-957 (La. 8/29/08); 989 So.2d 100; McKenzie v. Marino, 554 So.2d 803, 805 (La. App. 5th Cir. 1989); Succession of Agamy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 487 So.2d 579, 580 (La. App. 4th Cir. 1986). In this instance, a final appealable judgment will result only when a judgment is entered expressly dismissing B.G.’s claims against Mr. Jacobsen.
Accordingly, we dismiss B.G.’s appeal at its cost.
APPEAL DISMISSED