NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0175

CLEARTRAC, LLC

VERSUS

LANRICK CONTRACTORS, LLC

Judgment Rendered:   **NOV 0 6 2020**

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 2017-0002180

Honorable Jeffrey Johnson, Judge Presiding

*************

| | |
|---|---|
| Brett M. Bollinger<br>Jeffrey E. McDonald<br>L. Peter Englande<br>Covington, LA | Counsel for Plaintiff/Appellant,<br>Cleartrac, LLC |
| Frank J. DiVittorio<br>Patrick K. Reso<br>Hammond, LA | Counsel for Defendants/Appellees,<br>Lanrick Contractors, LLC, Lanrick<br>Real Estate, LLC, Southeast Dirt<br>LLC, Hudson Holdings, LLC,<br>Hudson Holdings Equipment, LLC,<br>Thomas P. McKellar, Lisa C.<br>McKellar a/k/a Lisa Cooley |

*************

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by plaintiff, Cleartrac, LLC, from a judgment of the trial court maintaining a peremptory exception raising the objection of no right of action in favor of Lanrick Contractors, LLC. For the reasons that follow, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

On August 26, 2010, a judgment was rendered in favor of Cleartrac, LLC and against Lanrick Contractors Corporation in Brazos County, Texas ("the Texas judgment").[1] In 2011, the Texas judgment was made executory in the Twenty-Second Judicial District Court for St. Tammany Parish and in the Twenty-First Judicial District Court for Tangipahoa Parish.

On August 3, 2017, Cleartrac, LLC ("Cleartrac") filed a petition to enforce the Texas judgment against Lanrick Contractors, LLC ("Lanrick Contractors") in the Twenty-First Judicial District Court for Tangipahoa Parish, praying for a writ of seizure and sale directing the Sheriff to seize and sell property of Lanrick Contractors to satisfy the Texas judgment. Cleartrac subsequently amended its petition to name Lanrick Real Estate, LLC, Southeast Dirt, LLC, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, Thomas P. McKellar,[2] and Lisa C. McKellar a/k/a Lisa Cooley as additional defendants. Lanrick Contractors and Southeast Dirt, LLC answered the petition and filed reconventional demands against Cleartrac.[3]

---

[1]Following entry of the Texas judgment, Lanrick Contractors Corporation converted its corporate form to Lanrick Contractors, LLC, a Louisiana limited liability company having its principal place of business in Tangipahoa Parish.

[2]Thomas P. McKellar was named as the sole member and registered agent for Lanrick Contractors.

[3]A motion to quash subpoena and subpoena *duces tecum* and motion for protective order by McKellar, Lanrick Contractors, Southeast Dirt, LLC, Lanrick Real Estate, LLC, Empire Dirtworks, LLC, Hudson Holdings, LLC, and Hudson Holdings Equipment, LLC, a motion for summary judgment and for sanctions by Lisa Cooley, and a motion for contempt and dilatory exception raising the objection of vagueness (as to the reconventional demand filed by Lanrick

2

Various preliminary motions and exceptions were filed by the parties, including: a motion for partial summary judgment, a motion to compel discovery, and a motion to quash and for protective order filed by Cleartrac; a declinatory exception raising the objection of prematurity/motion to continue motion for partial summary judgment, objections to evidence, and opposition to motion for summary judgment by Lanrick Contractors and Mr. McKellar; and a peremptory exception raising the objection of no right of action by Lanrick Contractors. These matters were set for hearing on August 5, 2019, with Lanrick Contractors's peremptory exception raising the objection of no right of action seeking dismissal of Cleartrac's claims with prejudice considered first.[4]

In support of its exception of no right of action, Lanrick Contractors argued that on June 25, 2014, Cleartrac filed a Certificate of Termination of a Domestic Entity with the Texas Secretary of State, and that pursuant to Texas law, Cleartrac had three years following its dissolution, or by June 25, 2017, to prosecute or collect on the underlying Texas judgment. Lanrick Contractors contended that because Cleartrac no longer exists as a corporate entity, and its petition to enforce was not filed until August 3, 2017, Cleartrac has no right to bring this suit. Cleartrac opposed the exception, contending that Texas law permitted it to prosecute to conclusion proceedings initiated while it was still authorized to do so under Texas law, until all judgments, orders, and decrees have been fully executed. Alternatively, Cleartrac sought to cure the defect by amending its petition to substitute Kent Moore as the sole member of Cleartrac.

---

Contractors) by Cleartrac were set for hearing on October 29, 2018. Although the minute entry indicates that these "matters were taken up and heard," and the trial "[c]ourt's ruling was dictated to the court reporter," the record before us does not indicate the disposition of these matters.

[4]Although not mentioned in the August 19, 2019 judgment, the minute entry indicates that declinatory exception raising the objection of insufficiency of citation and service of process (filed by Mr. McKellar, Hudson Holdings, LLC, Hudson Holdings Equipment, LLC, and Lanrick Real Estate, LLC) were also set for hearing on August 5, 2019.

At the conclusion of the hearing, the trial court maintained Lanrick Contractor's exception, but left the matter "open" to allow Cleartrac ten days to amend its petition, and further granted Lanrick Contactors ten days to respond to any such amendment. The trial court declined to hear the remaining matters until it issued a ruling on the exception of no right of action. In conformity with its ruling, on August 19, 2019, the trial court signed a written judgment, which ordered that all remaining matters set to be heard were continued to November 4, 2019.

Cleartrac subsequently filed a motion for new trial, contending that the trial court's judgment maintaining the exception of no right of action was based on an erroneous interpretation of Texas law. Following a hearing, the trial court denied Cleartrac's motion for new trial. Cleartrac then filed the instant suspensive appeal of the August 19, 2019 judgment. Lanrick Contractors answered the appeal, seeking damages, attorney's fees, and costs for a frivolous appeal.

## DISCUSSION

At the outset, we note that appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046. This court's jurisdiction extends to final judgments and interlocutory judgments expressly provided by law. LSA-C.C.P. art. 2083. A final judgment determines the merits in whole or in part. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. LSA-C.C.P. art. 1841.

A judgment that maintains a peremptory exception and allows a period of time for amendment of the petition is not a final judgment, nor an interlocutory judgment expressly appealable. See LSA-C.C.P. art. 2083; Barfield v. Tammany Holding Company, 2016-1420, pp. 4-5 (La. App. 1st Cir. 6/2/17), 2017 WL

4

2399020, at *1 (unpublished). Accordingly, we must first consider and determine whether this matter is properly before us on appeal.

The judgment appealed herein provides:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Peremptory Exception of No Right of Action filed by Lanrick Contracts, LLC is granted and maintained[.] Cleartrac, LLC was given ten days to amend its Petition in order to attempt to cure the basis upon which the Peremptory Exception of No Right of Action is maintained, and Lanrick Contractors, LLC was given ten days from any amendment to reply to same. Lanrick Contractors, LLC is hereby authorized to conduct discovery including, but not limited to, the deposition of Russell Moore being the 1442 representative of Cleartrac, LLC on the limited issue of any distribution of the alleged judgment and/or claim by Cleartrac, LLC. The Peremptory Exception of No Right of Action is then hereby continued and reset to November 4, 2019 at 9:00 a.m.[5]
>
> **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that all remaining matters set to be heard are continued to November 4, 2019 at 9:00 a.m. with the status conference to be held upon the resolution of the pending motions if needed.

The judgment on appeal herein permits Cleartrac ten days to amend its petition "to attempt to cure the basis" for maintaining the exception and thereafter allows Lanrick Contractors an additional ten days to respond to any such amendment by Cleartrac. The judgment further authorizes Lanrick Contractors to conduct discovery, including the taking of depositions, and then purports to continue and reset the hearing of the exception to November 4, 2019.

Thus, on review, we find that the judgment is not a final judgment nor an interlocutory judgment over which this court has appellate jurisdiction to review. See Atchafalaya Basinkeeper v. Bayou Bridge Pipeline, LLC, 2018-0417 (La. App. 1st Cir. 2/22/19), 272 So. 3d 567, 570. See also B.G. Mart, Inc. v. Jacobsen Specialty Services, Inc., 16-675 (La. App. 5th Cir. 2/8/17), 213 So. 3d 1238, 1239

---

[5]To the extent that "Lanrick Contractors, LLC" is referred to as "Lanrick Contracts, LLC," in one instance in the judgment, we note that the misspelling of a party's name in a judgment is an error of phraseology, which can be corrected by amendment pursuant to LSA-C.C.P. art. 1951, particularly where the name is consistently correctly spelled multiple times throughout the judgment. See LSA-C.C.P. art. 1951; Wagenvoord Broadcasting Co. v. Blanchard, 261 So. 2d 257, 259 (La. App. 4th Cir.), writ refused, 263 So. 2d 48 (La. 1972).

5

("A ruling maintaining an exception of no cause of action and granting time to amend the petition is not a final judgment or an appealable interlocutory judgment."). Such an order does not constitute a final judgment, because it merely permits an amendment within the delay allowed by the trial court as provided in LSA-C.C.P. art. 934. Burniac v. Costner, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1204, 1208-1209, citing Schroeder v. Board of Supervisors of Louisiana State University, 540 So. 2d 380, 382 (La. App. 1st Cir. 1989). The order before us is merely an interlocutory judgment, not made expressly appealable by law, and which dismisses no claims and no parties. The lack of finality is evident in that if Cleartrac fails to amend its petition, Lanrick Contractors may then move for a dismissal, making the exception raising the objection of no right of action final. See Schroeder v. Board of Supervisors of Louisiana State Unversity, 540 So. 2d at 382; Burniac v. Costner, 277 So. 3d at 1209. A final appealable judgment would result only when a judgment is entered expressly dismissing Cleartrac's claims against Lanrick Contractors. See B.G. Mart, Inc. v. Jacobsen Specialty Services, Inc., 213 So. 3d at 1239.

Accordingly, because the August 19, 2019 judgment is not a final judgment over which this court has appellate jurisdiction, we must dismiss this appeal. See Hernandez v. Excel Contractors, Inc., 2017-0762, p. 8 (La. App. 1st Cir. 12/21/17), 2017 WL 6524030 at *4 (unpublished). Moreover, because the answer to appeal is based on the same interlocutory, non-appealable ruling of the trial court, we likewise lack jurisdiction over the answer to appeal. See Nicaud v. Nicaud, 2016-1531 (La. App. 1st Cir. 9/15/17), 227 So. 3d 329, 330. Thus, the answer to appeal must also be dismissed.

## CONCLUSION

For the above and foregoing reasons, the appeal and answer to appeal are dismissed. Costs of this appeal are assessed to the plaintiff/appellant, Cleartrac, LLC.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**