JOSEPH "TED" DAVISSON

VERSUS

BOARD OF EXAMINERS FOR NEW
ORLEANS AND BATON ROUGE STEAMSHIP
PILOTS FOR THE MISSISSIPPI RIVER AND
CASEY E. CLAYTON

NO. 22-CA-519

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 823-705, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

May 24, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED AND REMANDED**

    **JGG**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JOSEPH "TED" DAVISSON
     David J. Schexnaydre
     Robert A. Barnett

COUNSEL FOR PLAINTIFF/APPELLEE-2ND APPELLANT,
NEW ORLEANS BATON ROUGE STEAMSHIP PILOTS ASSOCIATION
     E. John Litchfield
     Michael J. Marsiglia

COUNSEL FOR DEFENDANT/APPELLEE,
BOARD OF EXAMINERS FOR NEW ORLEANS - BATON ROUGE
STEAMSHIP PILOTS FOR THE MISSISSIPPI RIVER
     Jack M. Capella
     Robert E. Couhig, Jr.
     Jason A. Cavignac
     Blair C. Constant

COUNSEL FOR DEFENDANT/APPELLEE,
CASEY E. CLAYTON
     Jarred P. Bradley

**GRAVOIS, J.**

Plaintiff/appellant, Joseph "Ted" Davisson, and intervenor, New Orleans Baton Rouge Steamship Pilots Association ("NOBRA"), appeal the trial court's July 18, 2022 judgment which granted the exception of no right of action filed by defendant, the Board of Examiners for New Orleans Baton Rouge Steamship Pilots for the Mississippi River ("the Board of Examiners"), and dismissed with prejudice plaintiff's case against the Board of Examiners and the intervention of NOBRA. Mr. Davisson, a state-commissioned Mississippi River pilot who attained the age of 70 in 2020, alleged in his suit that the Board of Examiners, without proper legal authority or due process, ordered NOBRA to take him off piloting rotations and effectively forced his retirement as a river pilot, based upon its interpretation of language found within Section 4 of Act 902 of 2004,[1] which ostensibly sets a mandatory retirement time for commissioned river pilots at the end of the calendar year in which they attain the age of 70.

On appeal, Mr. Davisson argues that the trial court committed legal error in granting the Board of Examiners' exception of no right of action, wrongfully relying on the aforementioned portion of Section 4 of Act 902. Mr. Davisson asserts that the central question in this case is whether Section 4 of Act 902, that the Board of Examiners claims purports to enact a mandatory retirement age of 70, in fact actually does so. He argues that because the relied upon language is not found in the text of any statute amended or enacted by Act 902 of 2004, but rather is found in "comments" to the statutes, it does not legally establish a mandatory retirement age for river pilots.

---

[1] *See* RIVER PILOTS, 2004 La. Sess. Law Serv. Act 902 (H.B. 1708) (WEST), which provides, in Section 4, in pertinent part: "… No state pilot shall retain their state commission beyond the end of the calendar year in which they reach the age of seventy years old."

22-CA-519                                            1

NOBRA, who intervened in Mr. Davisson's suit against the Board of Examiners and whose intervention was also dismissed with prejudice, argues on appeal that the efficacy of the language in Act 902 does not affect a right of action to challenge that efficacy, and that the retirement language contained in Act 902 does not carry the effect of law.

The Board of Examiners responds in brief that Act 902 of 2004 does in fact establish a valid mandatory retirement age for river pilots, and thus the trial court was correct in sustaining its exception of no right of action. The Board of Examiners argues that Mr. Davisson has no right of action against the Board of Examiners because he is admittedly past the end of the calendar year in which he turned 70. The Board of Examiners argues, therefore, that he is not in the class of persons—those river pilots who have not reached the end of the calendar year in which they turned 70—who have the right under the law to retain their commission as a river pilot.

For the following reasons, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

As explained by NOBRA in its appellate brief, NOBRA is an association of men and women who have each been commissioned by the State of Louisiana to pilot vessels along the Mississippi River between New Orleans and Baton Rouge (and all intermediate ports and anchorages). NOBRA itself does not pilot vessels and the only employees it has are administrative in nature, nor does it employ pilots. One of the essential services provided by NOBRA is to dispatch pilots to particular and specific pilotage jobs which are required by industries in order to ultimately move product safely along NOBRA's route. Pilots are put on a list to be assigned and are assigned as their name or turn comes up in rotation.

Defendant, the Board of Examiners, is a state agency which generally oversees pilotage along NOBRA's route. Each of the other two pilotage groups

which pilot vessels along other designated Mississippi River routes has its own state agency which provides oversight. According to NOBRA's brief, NOBRA relies upon the Board of Examiners to inform it when a pilot is not eligible to receive a work assignment, for any reason.

Plaintiff, Mr. Davisson, is a state-commissioned river pilot, and according to his petition, was eligible at the time suit was filed to be put into the ordinary rotation in order to receive pilotage work assignments. Mr. Davisson attained the age of 70 on September 27, 2020. According to the record, he was informed by Captain Casey E. Clayton, president of the Board of Examiners, around August 1, 2021, that as he had turned 70 in 2020, he was in violation of Act 902 because he had not retired his state commission, despite receiving notice in 2021 that the Board of Examiners had determined that it was necessary to move forward with enforcing the "law as dictated" in Act 902. According to his pleadings, Captain Clayton removed Mr. Davisson from the pilot rotation around the same time, which prevented him from receiving pilot assignments, effectively functioning as a constructive or forced retirement. According to the pleadings, Captain Clayton acted on the wording in Section 4 of Act 902 of 2004, which states, in pertinent part: "No state pilot shall retain their state commission beyond the end of the calendar year in which they reach the age of seventy years old."[2]

---

[2] In its entirety, Section 4 of Act 902 of 2004 provides:

Section 4. Notwithstanding any other provisions of this Act, the provisions of the latest rate orders of the Public Service Commission shall be null and void as of the effective date of this Act only with respect to funding of any new pilots for the Associated Branch Pilots for the Port of New Orleans and the River Port Pilots for the Port of New Orleans. The approval and funding of six pilots on July 1, 2004, and six pilots on July 1, 2005, shall remain in effect from the rate order of the Public Service Commission for the New Orleans Baton Rouge Steamship Pilots Association. The pilotage fee commission shall fund no less than fourteen pilots for the Associated Branch Pilots of the Port of Lake Charles until December 31, 2006. The automatic tariff rate adjustment mechanism (ATRAM) in place as of the effective date of this Act shall remain in place for all pilot associations except that the New Orleans-Baton Rouge Steamship Pilots Association shall not be entitled to the consumer price index adjustment and the expense growth component for the year 2004. Subject to the provisions of this Act, the automatic tariff rate adjustment mechanisms in place as of July 1, 2004, shall remain in effect through June 30, 2005. Thereafter such filings shall be made in accordance with the rules and regulations promulgated by the pilotage fee 16 commission. Except as otherwise provided in this Act, any

Mr. Davisson filed suit against the Board of Examiners and Caption Clayton in her capacity as president of the Board of Examiners on December 17, 2021, for injunctive relief and damages. Injunctive relief was denied. NOBRA filed a Petition for Intervention on January 18, 2022, which was granted on January 20, 2022. The Board of Examiners filed an exception of no right of action as to Mr. Davisson's suit and NOBRA's intervention on March 28, 2022. Captain Clayton filed exceptions of lack of subject matter jurisdiction, no cause of action, no right of action, and vagueness on April 15, 2022, against plaintiff and intervenor, respectively. Following the filing of oppositions by Mr. Davisson and NOBRA, and replies thereto, the exceptions came on for a hearing on July 18, 2022. Each party introduced evidence in support of or in opposition to the exceptions. In a written judgment rendered on that same day, the trial court granted the Board of Examiners' exception of no right of action, and dismissed Mr. Davisson's suit and NOBRA's intervention with prejudice. The judgment also granted Captain Clayton's exceptions, but allowed Mr. Davisson thirty days to amend his petition with respect to Captain Clayton in her personal capacity. Only the portion of the judgment which granted the Board of Examiners' exception of no right of action and dismissed Mr. Davisson's suit and NOBRA's intervention against the Board of Examiners are before this Court in this appeal.[3]

Mr. Davisson filed a motion for an appeal, or alternatively, a notice of intent to apply for supervisory writs, on July 28, 2022, which was granted. NOBRA also filed for the same on July 29, 2022, which was also granted.

---

reduction in the number of pilots previously authorized and funded shall occur only through attrition. No state pilot shall retain their state commission beyond the end of the calendar year in which they reach the age of seventy years old. (Emphasis added.)

[3] "A ruling maintaining an exception of no cause of action and granting time to amend the petition is not a final judgment or an appealable interlocutory judgment." *B.G. Mart, Inc. v. Jacobsen Specialty Servs., Inc.*, 16-675 (La. App. 5 Cir. 2/8/17), 213 So.3d 1238, 1239. This rule pertains to all of the exceptions filed by Captain Casey that were granted, with leave to amend, in the July 18, 2022 judgment.

## LAW AND ANALYSIS

The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews *de novo*. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199. Evidence is admissible in support of, or against, the exception of no right of action. La. C.C.P. art. 931; *Eubanks v. Hoffman*, 96-0629 (La. App. 4 Cir. 12/11/96), 685 So.2d 597, 600. The defendant raising the exception has the burden of proving the exception. *Id.*; *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748, 755.

The exception of no right of action is a peremptory exception, the function of which is to have an action declared legally nonexistent or barred by law and tends to dismiss or defeat the action. La. C.C.P. arts. 923 and 927. An exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff has a legal interest in the subject matter of the litigation. *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 (La. App. 5 Cir. 7/27/16), 197 So.3d 829, 831.

The peremptory exception of no right of action tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. *3218 Mag., L.L.C. v. Lloyds of London*, 08-727 (La. App. 5 Cir. 2/25/09), 10 So.3d 242, 243, citing La. C.C.P. art. 927(A)(5); *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 1096-98, 262 So.2d 328, 334 (1972). Moreover, an action can only be brought by a person having a real and actual interest, which he asserts. *Id.*; La. C.C.P. art. 681. A party has an actionable right, and consequently standing, if it can be said that the party has a legally protectable and tangible stake in the litigation. *I E C I, LLC v. S. Cent. Plan. & Dev. Comm'n, Inc.*, 21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 609.

An exception of no right of action may not be brought to urge a defense to the effect that the plaintiff is without an interest because the defendant has a defense to the plaintiff's action. *Pinegrove Elec. Supply Co. v. Cat Key Const., Inc.*, 11-660 (La. App. 5 Cir. 2/28/12), 88 So.3d 1097, 1102, citing *Wonycott v. Wonycott*, 579 So.2d 506, 508 (La. App. 4 Cir. 1991). The exception does not raise the question of the plaintiff's ability to prevail on the merits, nor the question of whether the defendant may have a valid defense. *Shorter v. Akins*, 11-1553 (La. App. 3 Cir. 4/4/12), 86 So.3d 883, 885, *writ denied*, 12-1363 (La. 10/8/12), 98 So.3d 853.

Mr. Davisson's original petition alleged that he held a commission as a New Orleans and Baton Rouge Steamship pilot issued by the Governor of Louisiana in 1980, and has been a commissioned pilot in NOBRA for over 41 years, which commission remained valid at the time his suit was filed. He further alleged that his piloting services were never refused by or objected to by any ship. Mr. Davisson alleged that he reached the age of 70 on September 21, 2020.[4]

In his original petition, Mr. Davisson alleged that the Board of Examiners has the authority to take action against a pilot in three distinct and limited areas: (1) neglect of duty, (2) habitual drunkenness, and (3) gross violation of its rules, none of which he had ever violated, nor had he ever been cited by the Board of Examiners for such violations. Mr. Davisson further alleged that he has never violated the Board's Rules at LAC Title 46, Part LXX, Section 6303 and Standards of Conduct at Section 6307, which the Board also has authority to consider and enforce.

---

[4] In his original petition, Mr. Davisson alleged that he reached the age of 70 on September 27, 2021. However, this was a typographical error, which he corrected in his First Supplemental and Amending Petition, to assert that he turned 70 on September 21, 2020.

In his original petition, Mr. Davisson also alleged that "[n]o Louisiana state statute nor any LAC provision governing NOBRA establishes a mandatory retirement age." He alleged that Captain Clayton, President of the Board of Examiners since April of 2021, knew that there was no mandatory retirement age for pilots and admitted this fact by calling a public meeting to change the rules of the Board to implement a retirement age, as evidenced by Louisiana Register, 2021, Volume 9, at page 1381. Mr. Davisson further alleged that no mandatory retirement rule was in effect at the time he filed suit. However, he alleged that Captain Clayton told him on or about August 1, 2021, that as he had reached the age of 70, he must retire, and contacted NOBRA to have that association remove him from the pilot rotation, which NOBRA refused to do. Mr. Davisson also alleged that Captain Clayton threatened him with a disciplinary proceeding and a gubernatorial investigation if he did not cooperate with the Board of Examiners. Further, Mr. Davisson alleged that Captain Clayton did in fact remove him from the pilot rotation without pay, unilaterally and without authority, effective August 14, 2021. Mr. Davisson then resigned under protest, but has not tendered his state commission or his license. Mr. Davisson alleged that Captain Clayton and the Board of Examiners' actions failed to follow any of the required procedures found in the La. Administrative Procedure Act, as per La. R.S. 49:950, failed to conduct an investigation, and violated plaintiff's due process rights in other multiple ways.

Mr. Davisson alleged causes of action for wrongful termination, breach of contract, tortious interference with contract, and tortious interference with personal property rights. He sought itemized damages, special and general, and injunctive relief.

In his First Supplemental and Amending Petition, filed on December 30, 2021, Mr. Davisson alleged that upon information and belief, Captain Clayton and the Board of Examiners relied solely upon the "comment" to Act 902 of 2004,

which was uncodified and which states, in pertinent part: "No state pilot shall retain their state commission beyond the end of the calendar year in which they reach the age of seventy years old." He alleged that this language does not appear in the text of any individual statute thusly amended or enacted by Act 902 of 2004.[5]

Pertinent to the exception of no right of action, NOBRA's petition for intervention additionally alleged that there was no general Louisiana statute applicable to all Louisiana river pilot associations and/or individual Louisiana river pilots mandating that a Louisiana river pilot shall resign their commission when they attain the age of 70, nor was there "a specific Louisiana statute applicable to NOBRA river pilots mandating that a NOBRA river pilot shall resign his/her commission when he/she attains the age of 70. See La. R.S. § 34:1041, et seq." NOBRA further alleged that "There is language is Act 902, 2004 Regular Session regarding a mandatory retirement age but that language was never codified nor in any manner made the law of the state."

The Board of Examiners filed its exception of no right of action, arguing that Act 902 of 2004 applied to the instant factual situation, and thus that only pilots who had not reached the age of 70 were protected by the law and had a right of action to hold a pilot's commission.

After thorough consideration of the facts and the pertinent law, we find that the allegations contained in Mr. Davisson's petitions establish that Mr. Davisson is, in fact, a person with a legal interest in this subject matter of this litigation. The "right" to be a commissioned river pilot, and the "right of action to sue" the Board of Examiners for the alleged wrongful act of being removed from the pilot rotation

---

[5] Plaintiff filed a Second Supplemental and Amending Petition for Damages on February 1, 2022, but this petition did not allege any additional facts pertinent to the exception of no right of action. Attached to the second petition was documentary evidence pertaining to the question of whether Act 902 of 2004 was codified and legally effective at establishing a mandatory retirement age for river pilots.

based on age, are two distinct concepts that appear to be confused by the Board of Examiners. What is examined in the exception of no right of action is not "a *right of action* to be a ship pilot," or to hold a pilot's commission, as the Board of Examiners argued to the court at the hearing on July 18. Rather, the exception of no right of action addresses a legal question: whether Mr. Davisson, a commissioned river pilot, is in the class of persons who has a legal interest in the subject matter of this litigation, which is that the Board of Examiners allegedly wrongfully removed him from the pilot assignment rotation on the basis of his age and without due process. The answer to that question is clearly in the affirmative.

Likewise, we also find that NOBRA, as the professional association responsible for making piloting assignments and whom Captain Clayton of the Board of Examiners ordered to remove Mr. Davisson from the piloting rotation, also has a legal interest in the subject matter of this litigation, and thus has a right of action against the Board of Examiners for it alleged wrongful acts.

The Board of Examiners asserted in its exception of no right of action that Act 902 of 2004 did in fact establish a mandatory retirement age for river pilots. We agree that the central question on the merits of this case is whether the subject language, found in Section 4 of Act 902, which has been deemed a "comment" to the statutes by appellants, and which language is not found in the text of any statute enacted or amended by this Act, did in fact establish a mandatory retirement age for river pilots. However, the language of Section 4 neither confers nor denies a right of action to a commissioned river pilot aggrieved by the alleged actions of the Board of Examiners. Whether the language found in Section 4 of Act 902 establishes a mandatory retirement age for commissioned river pilots is a *defense on the merits* to Mr. Davisson's suit. This defense on the merits may not be asserted in an exception of no right of action. Rather, it may be asserted in a motion for summary judgment or at a trial on the merits of the matter. Just to be

clear, we express no opinion herein as to the merits of this matter, *i.e.*, whether Section 4 of Act 902 of 2004 legally establishes a mandatory retirement age for river pilots.

## DECREE

Upon *de novo* review, for the reasons assigned herein, we find that the trial court erred as a matter of law in granting the exception of no right of action filed by the Board of Examiners as to Mr. Davisson's suit and NOBRA's intervention and in dismissing Mr. Davisson's suit and NOBRA's intervention. Those portions of the trial court's July 18, 2022 judgment are hereby reversed, and the matter is remanded for further proceedings.

## REVERSED AND REMANDED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-519

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
DAVID J. SCHEXNAYDRE (APPELLANT)       ROBERT A. BARNETT (APPELLANT)       E. JOHN LITCHFIELD (APPELLEE)
MICHAEL J. MARSIGLIA (APPELLEE)       JARRED P. BRADLEY (APPELLEE)

**MAILED**
BLAIR C. CONSTANT (APPELLEE)       JACK M. CAPELLA (APPELLEE)
CORY S. GRANT (APPELLEE)       ATTORNEY AT LAW
JASON A. CAVIGNAC (APPELLEE)       3421 NORTH CAUSEWAY BOULEVARD
ROBERT E. COUHIG, III (APPELLEE)       SUITE 105
ROBERT E. COUHIG, JR. (APPELLEE)       METAIRIE, LA 70002
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 3250
NEW ORLEANS, LA 70163